# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a department of the County of San Joaquin, a political subdivision of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF HEALTHCARE PLAN OF GEORGIA, INC., a Domestic Profit Corporation,<br><br>Defendant. | Case No.: 1:24-cv-03153-JPB<br><br>(removed from State Court of Georgia, Fulton County, Case No. 24EV005069) |

## PLAINTIFF SAN JOAQUIN GENERAL HOSPITAL'S MOTION TO REMAND

On June 11, 2024, Plaintiff San Joaquin General Hospital ("San Joaquin Hospital" or "Plaintiff") commenced this action in the Fulton County State Court of Georgia under Case No. 24EV005069, styled as *San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*. (*See* the Complaint, attached as Exhibit 1 to ECF No. 1).

On July 17, 2024, Defendant Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. ("Blue Cross" or "Defendant") removed this action to federal court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 for putative federal question jurisdiction.  In support of its Notice of Removal, Defendant incorrectly alleges that Plaintiff's cause of action is preempted by the Employee Retirement Income Security Act ("ERISA").

ERISA preemption is improper because Plaintiff's causes of action are not preempted or subject to ERISA.

## I.    STANDARD OF REVIEW

The removing party bears the burden of establishing subject-matter jurisdiction. *See* Mack v. USAA Cas. Ins. Co., 994 F.3d 1353, 1356 (11th Cir. 2021).  Federal courts have limited jurisdiction, *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994), and "monitor their jurisdictional boundaries vigilantly." *Diaz-Rodriguez v. Pep Boys Corp.*, 410 F.3d 56, 62 n. 5 (1st Cir. 2005). Any doubt is resolved in favor of remand *because* federal courts "construe removal jurisdiction narrowly." *Andrews v. Daughtry*, 2013 U.S. Dist. LEXIS 24355, at *11-12 (M.D.N.C. Feb. 22, 2013).The plaintiff is always "the master of his own claim." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 n. 7 (1987). The removing party must demonstrate jurisdiction. *Dixon v. Coburg Dairy, Inc.*, 369

32210 - Mtn to Remand - San Joaquin v. BXBSGA.docx -

final.docx

- 2 -

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

F.3d 811, 816 (4th Cir. 2004).  As such, after removal, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

A defendant may remove a case to federal court under Section 1441(c) whenever a "separate and independent" claim conferring federal questions jurisdiction under 28 U.S.C. § 1331 (Section 1331) is joined with an otherwise non-removable claim. 28 U.S.C. § 1441(c); *see* also *Fortuna v. Illinois Sports*, 668 F. Supp.2d 1080, 1082 (N.D. IL Nov. 12, 2009).  A federal claim is not "separate and independent" if it "arises from the same loss or actionable wrong" as the nonremovable claim. *Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219, 221 (7th Cir. 1985).  The party seeking removal bears the burden of establishing federal jurisdiction. Mack v. USAA Cas. Ins. Co., 994 F.3d 1353, 1356 (11th Cir. 2021). The Court must interpret the removal statute narrowly, and any doubts regarding jurisdiction are resolved in favor of remand. *See Plains Com. Bank Long Fam. Land & Cattle Co.*, 554 U.S. 316, 324 (2008); *United States v. Ross*, 963 F. 3d 1056, 1062 (11th Cir. 2020); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).  "If the Court finds removal proper under Section 1441(c), it may either determine all the issues in the removed case, or in its discretion, remand all matter in which state law predominates." 28 U.S.C. § 1441(c); see also *Fortuna*, 668 F.

- 3 -

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

Supp.2d at 1082. "[A]t any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II.    STATEMENT OF FACTS

The allegations contained in the Complaint are straightforward. San Joaquin Hospital is a medical center in San Joaquin County, California. Relating to all individual dates of service set forth in Ex. A. to the Complaint, San Joaquin Hospital sought and received authorization for treatment from Defendant. Complaint at ¶¶ 15, 22, and 38. On the dates of service set forth in Ex. A to the Complaint, San Joaquin Hospital rendered medically necessary services, supplies and or equipment to Patients. *Id.* at ¶¶ 14, 17, 25, 34, and 37. San Joaquin Hospital timely and properly submitted the bills containing said charges for the medically necessary services, supplies and/or equipment rendered to Patients to Defendant for payment. *Id.* at ¶¶ 18,19. The total charges for such care were $1,136,031.00, Defendant paid very little, and thus, a total balance outstanding of at least $904,793.06[1] still remains at issue. *Id.* at Ex. A of the Complaint.

---

[1] Plaintiff's Complaint includes a cause of action for breach of implied-in-fact contract (Count I), and, in the alternative, a cause of action for quantum meruit (Count II). If an implied-in-fact contract can be established, the amount of the damages at issue would be premised on discounted rates per the implied-in-fact contract. In the alternative, should Plaintiff succeed on Count II, the amount of damages at issue would be premised on San Joaquin Hospital's usual and customary rates, which Plaintiff alleges are reflected in the amount billed.

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

Based on that general set of facts, San Joaquin Hospital brought an action in the Fulton County State Court of Georgia, on two causes of action: i) breach of implied-in-fact contract; and ii) quantum meruit. Complaint ¶¶ 21-50.

On July 17, 2024, Defendant removed this case to the Northern District on the basis of "federal question" jurisdiction (*i.e.*, 28 U.S.C. §§ 1331, 1441(a) (ECF No. 1 at pp. 3-9).

Nowhere in the Complaint does Plaintiff allege this action is premised on an assignment of benefits from the patients, nor allege it somehow stands in the shoes of the patients.  Plaintiff's claims do not "relate to" the Plan, because they derive from an *independent* state-law-based obligation that is based on Defendant's words and conduct.

## III.   LEGAL ARGUMENT

*Assuming arguendo* that this Court finds Defendant has sufficiently pled its Notice of Removal, the Court must remand the matter to state court because ERISA does not apply to Plaintiff's claims.  Plaintiff does not dispute that ERISA preempts certain types of claims brought against health plans.  Indeed, there are two main theories of ERISA preemption – "complete" preemption under Section 502(a) and "conflict" preemption under Section 514(a).  However, as described

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

below, ERISA does not apply to the claims at issue herein.

**A.    Defendant Mischaracterizes the Theory of "Complete" Preemption by Ignoring that Plaintiff's Claims are Brought via Independent State-Law Claims Against Defendant.**

Under the doctrine of complete preemption, a state law action may be completely preempted if it comes within the scope of the civil remedies provided for by Section 502(a) of ERISA.  Pursuant to Section 502(a), complete preemption is "really a *jurisdictional* rather than a preemption doctrine, [as it] confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." *Marin General Hosp. v. Modesto & Empire Traction Co.* 581 F.3d 941, 945 (9th Cir. 2009).  Section 502(a)(1)(B) provides that "[a] civil action may be brought – (1) by a participant or beneficiary... (2) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a). Defendant asserts that Plaintiff's breach of implied-in-fact contract claim and quantum meruit claims are subject to complete preemption under Section 502(a) because Plaintiff is seeking reimbursement for medically necessary care rendered to patients who are covered by an insurance plan governed by ERISA. *See* ECF

- 6 -

No. 1, pp. 4-6.  Defendant claims that ERISA preempts all the state law contract claims, whether or not they directly relate to an ERISA plan, because Plaintiff seeks to impose an alternative enforcement mechanism for benefits that are created by ERISA plans. *Id.*

Specifically, Defendant argues *Aetna Health Inc. v. Davila,* 542 U.S. 200 (2004)*,* applies Section 502(a) to this context. *Id.*  At the outset, Plaintiff notes that Section 502(a)(1)(B) provides that an ERISA plan "participant or beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  Defendant argues that Plaintiff's claims fall squarely within the ambit of Section 502(a) of ERISA because "[a]lthough Plaintiff's Complaint does not expressly allege that it obtained an assignment of benefits from its Patients, Plaintiff does allege that  BCBSHP 'authorized the medical services for the Patients,' and 'issu[ed] partial payment on the claims." *See* ECF No. 1 pp.7 (¶ 22). Therefore, Defendant argues that, with regard to the Patients involved here, Plaintiff's state-law claims, if permitted to go forward, would plainly constitute the type of alternative enforcement mechanisms that are squarely foreclosed by ERISA's "far reaching language [that] was 'design to establish [welfare] benefit plan regulation as exclusively a federal concern.'." *See Pilot Life Ins. Co. v.*

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

*Dedeaux*, 481 U.S. 41 (1987).

Defendant, however, misconstrues the scope of preemption under Section 502(a). While Defendant reads Section 502(a) to encompass a much broader area of preemption, by its very terms, Section 502(a) provides for preemption only in suits for benefits among ERISA entities. See *id.* at 54, ("the policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme ***would be completely undermined*** if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA") (emphasis added).  This dispute, therefore, boils down to whether Plaintiff is considered an "ERISA entity" that has standing to pursue an ERISA claim for benefits.  The only parties that have standing to sue under ERISA are those listed in the civil enforcement provision of ERISA, codified at 29 U.S.C. § 1132(a).  Under ERISA, a plaintiff must be either a "participant" or a "beneficiary" of the ERISA plan in order to have standing. *See Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001).  To be a "participant," one must be an "employee or former employee of an employer, or any member or former member of an employee organization." 29 U.S.C. § 1002(7).  A "beneficiary" is "a person designated by a participant or by the terms of an employment benefit plan, who is or may become entitled to a benefit thereunder." *Id.* at § 1002(8).

Therefore, only two categories of individuals are permitted to sue for benefits under an ERISA plan — plan beneficiaries and plan participants. *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir. 1998).

Generally, health care providers such Plaintiff lack independent standing under ERISA's statutory scheme because they are not ordinarily considered "beneficiaries" or "participants." See *Cagle v. Bruner*, 112 F.3d 1510, 1514 (11th Cir. 1997). "Healthcare provider claims are usually not subject to complete preemption because healthcare providers generally are not considered 'beneficiaries' or 'participants' under ERISA." *Anthem*, 591 F.3d at 1346 (quotation omitted); see also *Lordmann Enters, v. Equicor, Inc.,* 32 F.3d 1529, 1534 (11th Cir. 1994) ("ERISA does not provide a cause of action for aggrieved health care providers that treat ERISA participants."); *Rocky Mountain Holdings. LLC v. Blue Cross and Blue Shield of Florida, Inc.*, No. 6:08-cv-686-Orl-19KRS, 2008 WL 3833236, at *7 (M.D. Fla. Aug. 13, 2008) ("'Courts have, with near unanimity, found that independent state law claims of third party healthcare providers are not preempted by ERISA'.") (quoting *Med. & Chirurgical Facility of the State of Md. v. Aetna U.S. Healthcare, Inc.*, 221 F. Supp. 2d 618, 619-20 (D. Md. 2002)).

However, when they receive assignments of benefits from beneficiaries or

32210 - Mtn to Remand - San Joaquin v. BXBSGA.docx - final.docx

- 9 -

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

participants of an ERISA plan, providers can acquire derivative standing. *See*

*Cagle v. Bruner*, 112 F.3d 1510, 1514 (11th Cir. 1997). "A healthcare provider

may acquire derivative standing to sue under ERISA by obtaining a written

assignment from a 'participant' or 'beneficiary' of his right to payment of medical

benefits." *Anthem*, 591 F.3d at 1347. "Claims for benefits by healthcare providers

pursuant to an assignment are thus within the scope of § 502(a)." *Id.* Therefore,

whether complete preemption applies depends on whether an existing assignment

entitles San Joaquin Hospital to have standing under ERISA, or whether San

Joaquin Hospital can 'step into the shoes' of a participant or beneficiary. *Id.*

Now "a provider that has received an assignment of benefits and has a state

law claim independent of the claim arising under the assignment ***holds two***

***separate claims***." *Anesthesia & Critical Care Specialists of Palm Beach, P.A. v.*

*Aetna Health, Inc.*, No. 10-80058-CIV, 2010 WL 11596863, at *5 (S.D. Fla. July

14, 2010)(emphasis added), *see also Surgery Ctr. of Viera, LLC v. Cigna Health*,

No. 620CV152ORL37EJK, 2020 WL 4227428, at *5 (M.D. Fla. July 23, 2020). In

such a case, the provider may assert a claim for benefits under ERISA, ***the state***

***law claim***, or both." *Id.* (emphasis added). In other words, "**so long as the**

**provider's state law claim does not fall within § 502(a), the existence of the**

**assignment is irrelevant to complete preemption if the provider asserts no**

32210 - Mtn to Remand - San Joaquin v. BXBSGA.docx -

final.docx

- 10 -

*San Joaquin General Hospital, a department of the County of*
*San Joaquin, a political subdivision of State of California v.*
*Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a*
*Domestic Profit Corporation*

**claim under the assignment.”** *Id.* (emphasis added). Equally important, the Eleventh Circuit has held that "an assignment is ineffectual if the plan contains an unambiguous anti-assignment provision." *See Alfredo Murciano, M.D. P.A. v. Cigna Health and Life Insurance Company*, 2024 WL 2797393 (*citing Physicians Multispecialty Grp.*, 371 F.3d at 1294.)

Here, there can be no doubt that Plaintiff is seeking recovery under a claim for breach of implied-in-fact contract and not as an ERISA beneficiary. In fact, in its Motion to Dismiss, Defendant itself states that San Joaquin Hospital cannot have an assignment of benefits from the patients because the relevant plan documents for the various patients include clear and unambiguous anti-assignment provisions. *See* ECF No. 4, pp. 11-16. In addition, because Section 502(a) is meant to remedy the denial of ERISA benefits, it logically follows that Plaintiff, who is not among the persons or entities entitled to bring an ERISA claim under Section 502(a), cannot be affected by this species of ERISA's preemptive force if it is merely filing suit for payment under the terms of its ***independent contract***. Indeed, Defendant seems to be speaking out of both sides of its mouth by (1) stating that in its motion for removal that the Plaintiff's claim submission indicated an "assignment of benefits" on one of its claim forms, thereby equating to assignment of benefits, and (2) then in its Motion to Dismiss states that San

Joaquin Hospital cannot have an assignment of benefits from the patients because there are clear and unambiguous anti-assignment provisions in the plan documents; even despite these competing arguments, one thing is certain - Plaintiff is not preempted by ERISA. *See* ECF No. 4, pp. 11-16; *See* ECF No. 1, p. 7. In fact, the case law under *Anesthesia & Critical Care Specialists* and its progeny establishes that Plaintiff can pursue its state claim regardless of the alleged assignment, as the assignment is ***irrelevant to the independent state law claim between a provider and health plan***. *See Anesthesia & Critical Care Specialists of Palm Beach*, No. 10-80058-CIV, 2010 WL 11596863, at *5 (S.D. Fla. July 14, 2010)(emphasis added). Accordingly, the Court must find that the Plaintiff's breach of contract claim continues to remain outside of the shadow of ERISA preemption and this case must be remanded. *See In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1289–90 (S.D. Fla. 2003).

## B.    Plaintiff's Independent State-Law Breach of Implied-in-Fact Contract Claim is a Rate Dispute Not Preempted by ERISA.

Circuit courts have previously established that where a provider brings a breach of contract claim in its capacity as a provider, such a claim does not relate to an ERISA claim for benefits and is generally held to be not preempted by ERISA. In *Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health*

32210 - Mtn to Remand - San Joaquin v. BXBSGA.docx -

final.docx

- 12 -    *San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

*and Welfare Trust Fund*, 538 F.3d 594, 599 (7th Cir. 2008), the Seventh Circuit

held that ERISA did not preempt state claims against an employee benefit plan

brought by the healthcare provider where the healthcare provider "is not suing 'to

recover benefits due to him under the terms of [the beneficiary's] plan, to enforce

[the beneficiary's] rights under the terms of the plan, or to clarify [the

beneficiary's] rights to future benefits under the terms of the plan,' which is

precisely all § 502(a)(1)(B) provides."  In *In Home Health, Inc. v. Prudential*

*Insurance Co. of America*, 101 F.3d 600, 604–07 (8th Cir. 1996), the Eighth

Circuit found that ERISA did not preempt a state tort claim against an

administrator of an ERISA plan brought by a healthcare provider "not as an

assignee of an ERISA beneficiary but as an independent entity claiming

damages." *Id.* at 604.  The court also noted that "[a] majority [of other circuits]

have concluded [that] providers' state law claims are not preempted by

ERISA." *Id.*; *see also Meadows v. Employers Health Ins.,* 47 F.3d 1006 (9th Cir.

1995).  In *Meadows,* a healthcare provider similarly received assurance of

coverage and provided treatment, but received no payment.  The provider brought

a claim alleging negligent misrepresentation, estoppel, and breach of contract.  The

action was removed on the basis of ERISA preemption, and the court dismissed

without prejudice, explaining that because the healthcare provider sued

derivatively, ERISA preempted the state-law claims. *Meadows,* 47 F.3d at

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

1008.  The healthcare provider then filed a new suit, but this time suing not as an

assignee or subrogee but as "a third-party health care provider for claims that were

non-derivative and independent of those which the [patient] might have

had." *Id.*  It was a suit for damages, not for policy benefits. *Id.*  On appeal, the

Ninth Circuit concluded that the claims were not completely preempted,

explaining, "[T]he claims arose because there was not plan coverage for the

[patient], which was the very fact misrepresented...." *Id.* at 1010.  In *Hospice of

Metro Denver v. Group Health Insurance of Oklahoma, Inc.,* 944 F.2d 752 (10th

Cir. 1991), the court specifically pointed out that the references in the complaint to

the ERISA plan did not automatically make the claims ERISA claims.  It

concluded, "those references provide a background factual explanation of Blue

Cross's decision to deny benefits.... [The patient/beneficiary] is not a party to this

action, and his right to receive benefits under the plan is not at issue." *Id.* at

754.  These cases, and others, from our sister circuits bolster our conclusion in this

case that state-law claims are not completely preempted by ERISA. *See also Mem'l

Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 243–50 (5th Cir. 1990).

Further, in a more recent case, *St. Charles Surgical Hosp., LLC, v. Louisiana

Health Serv. & Indem. Co.* a federal court found that a healthcare provider's state

court petition was painstakingly clear that it is only asserting its state law claims on

*San Joaquin General Hospital, a department of the County of
San Joaquin, a political subdivision of State of California v.
Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a
Domestic Profit Corporation*

its own behalf and not derivatively. *St. Charles Surgical Hosp., LLC. v. Louisiana Health Serv. & Indem. Co*., No. CV 19-13497, 2020 WL 634918, at *10 (E.D. La. Feb. 11, 2020) citing *Crescent City Surgical Centre v. Humana Health Benefit Plan of Louisiana, Inc,* Civil Action No. 19-9540, 2019 WL 4387152 (E.D. La. Sept. 13, 2019). "Crucially [the healthcare provider] disputed the rate [the insurance company] is reimbursing them for clearly defined benefits*." Id*.

Plaintiff's status as a medical provider — as opposed to a plan participant or beneficiary — specifically excludes ERISA preemption.  A medical provider's claims based on conduct independent of an ERISA plan — for example, because of misrepresentations by the insurance company to the provider that the procedure would be covered — can be too tenuously connected to ERISA to be defensively preempted. *See Lordmann Enters., Inc. v. Equicor, Inc*., 32 F.3d 1529, 1533–34 (1994).  The Court found medical provider's claims were not defensively preempted. *Id.;* see also *Surgery Center of Viera, LLC v. UnitedHealthCare, Inc*., No. 6:20-cv-24-Orl-22EJK, Doc. 40 pp. 13–14 (M.D. Fla. June 8, 2020).  In finding no preemption, the court explicitly noted, the medical provider had alleged an independent basis for its claims, explaining plaintiff was "alleging that [defendants'] failure to pay for the medical services violate a completely different and non-ERISA agreement...***which is a completely separate and distinct agreement from the ERISA plan***." *Id.*

Upon a careful review of the allegations in the Complaint, the Court must conclude that this is not a case involving a right to payment under the terms of the benefit plan.  For example, a rate-of-payment case falls outside the scope of ERISA § 502(a). *Concert Health Plan Ins. Co. v. Houston Northwest Partners, Ltd.*, 265 F.R.D. 319, 322 (N.D. Ill. March 3, 2010) (finding that the plaintiff's claim fell outside the scope of § 502(a) where the cause of action was not predicated on seeking benefits under the terms of the benefit plan but rather on "rights that derive from the independent basis of the contract"); citing to *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 528 (5th Cir. 2009) and *Blue Cross v. Anesthesia Care Assocs. Med. Group Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999).

In its Complaint in this case, Plaintiff only alleges that Defendant failed to pay fully, promptly and properly the stated rates called for in the Contract. *See* Complaint ¶¶ 19, 29, 44.  Plaintiff has sufficiently established that its cause of action is solely based on an independent contract that is completely separate and distinct from ERISA and only seeking full payment as a "rate of payment" case that falls outside the scope of ERISA.  Accordingly, this Court lacks original jurisdiction of this matter and should remand this action to the state court.

### C.    "Conflict" Preemption Does Not Provide a Basis for Removal as

**Plaintiff's Cause of Action Does Not Relate to the Alleged ERISA Plan.**

Under the doctrine of conflict preemption, ERISA shall "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan..." 29 U.S.C. § 1144(a).   Defendant goes to tortuous lengths to argue that Plaintiff's claims "relate" to its employee benefit plan.  However, the Supreme Court recognized that certain "run-of-the-mill state law claims such as unpaid rent, *failure to pay creditors*, or even torts committed by an ERISA plan" are not subject to ERISA's preemptive power. *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 833 (1988) (emphasis added).  In a 1997 concurring opinion, Justice Scalia specifically observed that "applying the 'relate to' provision according to its terms was a project doomed to failure, since, as many a curbstone philosopher has observed, everything is related to everything else." *California Division of Labor Standards Enforcement v. Dillingham Construction, N.A., Inc*., 519 U.S. 316, 335–36 (1997).  Thus, just because an ERISA plan is involved in an action, does not automatically mean conflict preemption applies.

As established above, the instant case is plainly *not* preempted by ERISA. The state law action brought by Plaintiff against Defendant does not encroach on

the relationship between plan and member, plan and employer, or plan and trustee,

because Plaintiff bases its theories of recovery on the promise Defendant and/or its

agents made to Plaintiff in the implied-in-fact contract and under the theory of

*quantum meruit*. *See* Complaint.  Plaintiff is not concerned with the terms of

Defendant's ERISA plan benefits because this instant action concerns only the

independent promise to pay, which arose from Defendant's on-going and prior

course of conduct.  Defendant argues, misleadingly, that ERISA preempts state law

claims here because Plaintiff allegedly seeks to obtain benefits under an ERISA

plan. ECF No. 1 pp. 4-6 (¶¶ 13-19).  However, Plaintiff's *breach of implied-in-fact*

*contract* claim has nothing to do with ERISA or the relationship between

Defendant and/or its agents and its members.  The only direct relationship of

concern here is what is between Defendant and Plaintiff.

In fact, in the Complaint, Plaintiff specifically alleges that Defendant agreed

and understood that Plaintiff would render care to the Patients and Defendant

would pay for that care. *See* Complaint at ¶¶ 25-28, 38-40.  That action, followed

by Plaintiff's performance of the requested treatment, gives rise to an independent

obligation between the parties that is <u>*separate and apart*</u> from the obligations

provided for in the plan document between Defendant and its members. *See*

*Cedars-Sinai Medical Center v. National League of Postmasters of the United*

*States*, 497 F.3rd 972, 976 (9th Cir. 2007) [holding that independent state law

- 18 -

principles arise when a medical provider makes an authorization phone call to a health plan to verify coverage].  If Defendant's arguments were taken at face value, *all* claims brought by a third party would necessarily "relate to" the plan, simply because the plan is a named defendant. Surely, this was never ERISA's end goal.

Plaintiff's independent cause of action for the full payment rate under the Contract is in no way related to any plan benefits the Patients may have with Defendant and certainly does not encroach on its relationship with member, employer, or trustee.   As such, Plaintiff's independent state law cause of action is not preempted by ERISA, and this matter should be remanded to state court.

**D.      Defendant's strongest cited cases that involve a provider against a health plan are either supportive of Plaintiff's motion for remand or distinguishable.**

Defendant's strongest cited cases that involve a provider against a health plan are either supportive of Plaintiff's motion for remand or distinguishable. *See* ECF No. 1 pp. 8-9 (¶¶ 21, 26); *Borrero v. United Healthcare of New York, Inc.* (610 F.3d 1296);   (the Eleventh Circuit held that there is no complete preemption of the provider's claims where there is no evidence of derivative standing and an assignment of benefits and that where there are allegations in the complaint, for

32210 - Mtn to Remand - San Joaquin v. BXBSGA.docx -

final.docx

- 19 -

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

practices like "downcoding and bundling" there is an independent provider-insurer

contracts do not implicate ERISA);   *Wright v. Regions Bank*, 2021 WL 1139759

(a third party complaint related to the processing of the claim directly at issue in

the underlying case brought by the guardian of the late employee's estate under the

auspices of ERISA); *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of*

*Fla., Inc.,* 813 F.3d 1333, 1337-38 (11th Cir. 2015) (A third party complaint related

to the processing of the claim directly at issue in the underlying case brought a

collection agency was found to be preempted where there was an assignment of

benefits); *Swerhun v. Guardian Life Ins. Co. of Am.*, 979 F.2d 195,198 (an

employee brought claims against insurance company that issued his employer's

group insurance policy).

　　　　Unlike the cases cited by Defendant in the Notice of Removal, this action

was not initiated involving issues such as employee benefits that implicate ERISA.

Plaintiff solely alleges unrelated and independent state-law based claims seeking

damages for the medically necessary services rendered based on the contract with

Defendant.  While it is understandable that Defendant would cite to any available

cases in which ERISA plans successfully rid themselves of actions against them, in

light of the precedent noted above, Defendant's cited cases are inapposite and

should be disregarded.  Therefore, this Court must find that ERISA preemption

does not apply, the Court has no jurisdiction and must remand this matter to state

32210 - Mtn to Remand - San Joaquin v. BXBSGA.docx -

final.docx

- 20 -

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

court.

## III.    CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the

Court remand this matter to the Fulton County State Court of Georgia.

Dated: August 1, 2024

Respectfully submitted,

LAW OFFICES OF STEPHENSON,
ACQUISTO & COLMAN, INC.

By: _____

Attorney for Plaintiff
SAN JOAQUIN GENERAL
HOSPITAL, a department of
the County of San Joaquin, a
political subdivision of the
State of California

**LAW OFFICES OF STEPHENSON,
ACQUISTO & COLMAN, INC.**
Nesrein El-Haddad, Esq.
500 N. Brand Blvd., Suite 1450
Glendale, CA 91203
Telephone:  (818) 559-4477
Facsimile:   (818) 559-5484
nhaddad@sacfirm.com
Attorneys for Plaintiff
SAN JOAQUIN GENERAL HOSPITAL

32210 - Mtn to Remand - San Joaquin v. BXBSGA.docx -

final.docx

- 21 -

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*

# <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing NOTICE OF MOTION, MOTION TO REMAND and MEMORANDUM IN SUPPORT THEREOF were electronically filed with the Clerk of Court using CM/ECF system. The undersigned also certifies that Notice of Filing and a copy of the foregoing documents were served on the Defendant via electronic mail.

James A. Washburn, Esq.
Anaid Reyes Kipp, Esq.
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
600 Peachtree Str., N.E., Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3000
james.washburn@troutman.com
anaid.reyes-kipp@troutman.com
Attorneys for Defendant
BLUE CROSS BLUE SHIELD OF
HEALTHCARE PLAN OF GEORGIA, INC.


*/s/ Nesrein El-Haddad*

**LAW OFFICES OF STEPHENSON,**
**ACQUISTO & COLMAN, INC.**
Nesrein El-Haddad, Esq.
500 N. Brand Blvd., Suite 1450
Glendale, CA 91203
Telephone:   (818) 559-4477
Facsimile:   (818) 559-5484
nhaddad@sacfirm.com
Attorneys for Plaintiff
SAN JOAQUIN GENERAL HOSPITAL

*San Joaquin General Hospital, a department of the County of San Joaquin, a political subdivision of State of California v. Blue Cross Blue Shield Healthcare Plan of Georgia, Inc., a Domestic Profit Corporation*